IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01257-MSK-BNB

ROBERT E. WILLIAMSON,

Plaintiff,

v.

MONUMENT WELL SERVICE CO.,

Defendant.
_____

*AMENDED* ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE
AND RULE 26(f) PLANNING MEETING
_____

This case has been referred to Magistrate Judge Boyd N. Boland by Judge Marcia S. Krieger, pursuant to the Order of Reference dated June 17, 2008. See 28 U.S.C. §636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).

**IT IS HEREBY ORDERED:**

(1) The court will hold a scheduling/planning conference pursuant to Fed. R. Civ. P. 16(b) on:

**September 11, 2008, at 9:00 a.m.**

The conference will be held in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. If this date is not convenient for any party[1], that party shall confer with opposing parties and contact my chambers to reschedule the conference to a more convenient date. **Please remember anyone entering the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification. See D.C.COLO.LCivR 83.2 B.**

---

[1]The term "party" as used in this Order means counsel for any party represented by a lawyer and any *pro se* party not represented by a lawyer.

A copy of the instructions for the preparation of a scheduling order and a form of scheduling order can be downloaded from the court's website at www.co.uscourts.gov/forms-frame.htm. (Click on "Civil Forms" in the blue box at the top of the screen and scroll down to the bold hearing "Standardized Order Forms"). Parties shall prepare the proposed scheduling order in accordance with the court's form.

The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L, including a copy of the proposed scheduling order in a WordPerfect or Word format sent via e-mailed to Boland_Chambers@cod.uscourts.gov, all as required by ECF Procedure V.L. 2(a) and (b), on or before:

**September 4, 2008**

Attorneys and/or parties not participating in ECF shall submit their proposed scheduling order on paper to the Clerk's Office. However, if any party in the case is participating in ECF, it is the responsibility of that party to submit the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

The plaintiff shall notify all parties who have not yet entered an appearance of the date and time of the scheduling/planning conference and provide a copy of this Order to those parties.

(2) In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with Fed. R. Civ. P. 26(f) on or before:

**August 21, 2008**

The court encourages the parties to meet face to face, but if that is not possible, the parties may meet by telephone conference. All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; make or arrange for the disclosures required by Rule 26(a)(1); and develop their proposed scheduling/discovery plan. The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve

information or records in electronic form (i.e., e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery. The parties shall be prepared to discuss these issues, as appropriate, in the proposed scheduling order and at the scheduling/planning conference.

These are the minimum requirements for the Rule 26(f) meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation. The discussion of claims and defenses shall be a substantive, meaningful discussion.

The parties are reminded that pursuant to Fed. R. Civ. P. 26(d) no discovery shall be sought prior to the Rule 26(f) meeting.

(3) The parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) on or before:

**September 4, 2008**

Counsel and parties are reminded that the mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses. Mandatory disclosures must be supplemented by the parties consistent with the requirements of Fed. R. Civ. P. 26(e). Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(4) This matter also is referred to Magistrate Judge Boland for settlement purposes and with the authority to convene such settlement conferences and direct related procedures as may facilitate resolution of this case. The scheduling/planning conference on September 11, 2008, is not a settlement conference, and no client representative is required to appear. Nonetheless, to facilitate an early evaluation of the possibility of settlement, the parties shall e-mail a Confidential Settlement Statement in PDF format to Boland_Chambers@cod.uscourts.gov on or before **September 4, 2008**. This statement shall briefly outline the facts and issues in the case and the possibilities for settlement, including any settlement authority from the client. Attorneys and/or pro se parties not participating in ECF shall submit a single copy of their Confidential Settlement Statements, on paper, to the Clerk's Office marked "Personal and Confidential."

(5) All parties are expected to be familiar with the Local Rules of Practice for the District of Colorado. Copies are available from the Clerk of the Court, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov. All out-of-state counsel shall comply with D.C.COLO.LCivR 83.3 prior to the scheduling/planning conference.

DATED July 11, 2008.

BY THE COURT:

   s/ Boyd N. Boland
United States Magistrate Judge